UNITED STATES of America,
Plaintiff–Appellee,

v.

Darrell Gerada BROWN, Defendant—
Appellant.

No. 04–30011.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 12, 2004.

C. Ed Laws, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark S. Werner, Esq., Federal Public Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Darrell Gerada Brown appeals the district court's denial of his motion for judgement of acquittal and subsequent conviction of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review denial of a motion for judgement of acquittal de novo, *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002), and we affirm.

Appellant contends that the government failed to present evidence sufficient to permit any rational trier of fact to conclude he had knowledge or reasonable cause to believe that the gun he possessed was stolen. We disagree. The government presented evidence that the firearm's serial numbers were obliterated and that the purpose of obliterating serial numbers is to conceal the identity of the firearm. Viewing the evidence in the light most favorable to the government, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational trier of fact could conclude that a man of ordinary intelligence would have known that he was in possession of a stolen firearm based on the obliterated serial numbers. *See Corey v. United States*, 305 F.2d 232, 239 (9th Cir. 1962) (holding defendant's knowledge that property may be stolen may be inferred from circumstances that would convince a man of ordinary intelligence that this is the fact).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

